# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

JULIO GRANO                                                          PETITIONER

v.                              NO. 2:09CV00069 JMM/HDY

T.C. OUTLAW, Warden,                                               RESPONDENT
FCC Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

BACKGROUND.  The record reflects that petitioner Julio Grano ("Grano") entered the custody of the Federal Bureau of Prisons ("BOP") to serve a seventy month sentence for two drug-related criminal offenses.  At some point, he came to be incarcerated at the Federal Correctional Complex - Low Security Institution in Forrest City, Arkansas ("FCC Forrest City"), the warden of which is respondent T.C. Outlaw ("Outlaw").

In August of 2008, officials at FCC Forrest City charged Grano with a prison disciplinary, specifically, of violating offense code 108, "possession of hazardous tool." See Document 1 at 6.  He was convicted of the disciplinary and received the following punishment: "30 days disciplinary segregation suspended, disallow[ed] [twenty-seven] days good conduct time, [and] 180 days loss of commissary/phone/visitation (loss of phone suspended)."  See Id.  He prosecuted an administrative appeal of his conviction and sentence for the alleged violation of offense code 108 to no avail.  This proceeding followed.

FEDERAL COURT PROCEEDINGS.  In June of 2009, Grano commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  In the petition, he challenged the disciplinary he received for allegedly violating offense code 108.  He asked that the disciplinary be dismissed, that the record be expunged, that he receive "credit back [twenty-seven] days good conduct time, and any relief to which [he] may be entitle[d] …"  See Id. at 5.

Outlaw responded to Grano's petition by filing the pending motion to dismiss.  <u>See</u> Document 4.  In the motion, Outlaw maintained that Grano's petition is now moot and should be dismissed because he has received the relief he sought in his petition.   In support of that assertion, Outlaw submitted the following two exhibits:

(1) the affidavit of a BOP representative who attested to the following: "[t]he disciplinary matter which … Grano addresses in his petition … has been expunged, and the Twenty-seven … days of Good Conduct Time that was disallowed has been restored," <u>see</u> Document 4, Exhibit 1 at 3; and

(2) a copy of a disciplinary hearing officer's report containing "amended findings after reconsideration - 07-15-09," amended findings that establish: (A) "no prohibited act was committed," and (B) "this incident report has been expunged [and] all records of this hearing in the central file are to be removed and disallowance of good time originally taken is to be restored." <u>See</u> <u>Id</u>. at 9.

Grano responded to Outlaw's motion by filing a "motion requesting case on abeyance." <u>See</u> Document 7.  In Grano's submission, he asked that this proceeding be held in abeyance until the BOP demonstrates that all of the representations and/or promises contained in Outlaw's motion to dismiss "come true." <u>See</u> Document 7 at 2.

Outlaw subsequently filed a response to Grano's "motion requesting case on abeyance."  In that submission, Outlaw submitted the affidavit of a BOP representative who attested to the following:

-4-

> As stated in my initial declaration dated July 15, 2009, the disciplinary matter which … Grano addresses in his petition … has been expunged, and the Twenty-Seven … days of Good Conduct Time that was disallowed has been restored.  The disciplinary matter was expunged on July 15, 2009. However, the administrative process of updating … Grano's Sentence Monitoring Good Time Data record was not completed at that time.  The administrative process of updating … Grano's Sentence Monitoring Good Time Data record has now been completed and … Grano's Sentence Monitoring Good Time Data record accurately documents that Twenty-Seven … days of Good Conduct Time which had previously been disallowed has been restored.

See Document 8, Exhibit 1 at 1-2.

ANALYSIS.  Having reviewed the record in this proceeding, the undersigned is convinced that Grano has obtained the relief he seeks in his petition, that being, the disciplinary he received for allegedly violating offense code 108 has now been dismissed, the record has now been expunged, and the twenty-seven days of good conduct time taken from him for allegedly violating offense code 108 have now been restored.  There is nothing to indicate that the representations and/or promises contained in Outlaw's motion to dismiss have not "come true."  For that reason, it appears to be pointless to delay the final disposition of this proceeding.

RECOMMENDATION.  On the basis of the foregoing, the undersigned recommends the following: (A) that Grano's "motion requesting case on abeyance" be denied, see Document 7; (B) that Outlaw's motion to dismiss be granted, see Document 4; (C) that this proceeding be dismissed, and all requested relief be denied, and (D) that judgment be entered for Outlaw.

DATED this ____11____ day of August, 2009.


_____
UNITED STATES MAGISTRATE JUDGE